# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. CR-12-070-RAW |
| MICHAEL SALAS, | |
| Defendant. | |

## ORDER & OPINION

Before the court is Defendant Salas' motion to suppress [Docket No. 37]. This court previously referred this matter to the United States Magistrate Hearing for Findings and Recommendation pursuant to 28 U.S.C. § 636(b)(1). On October 17, 2012, the United States Magistrate Judge held a hearing as to this motion. The Magistrate Judge then entered a Report and Recommendation ("R&R") [Docket No. 48], recommending that the motion to suppress be denied.

Defendant has filed an Objection to the R&R, arguing that his motion should be granted and the R&R should be overruled. Specifically, Defendant argues that Deputy Gragg did not have reasonable suspicion or probable cause to stop him, as only one traffic violation occurred, and it was isolated, temporary and due to external causes.[1] Defendant argues that because the second violation was not caught on the video of the traffic stop, it must not have occurred.

---

[1] The violations at issue are of 47 OKLA. STAT. § 11-309, which states in pertinent part: "Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following requirements in addition to all others consistent herewith shall apply: 1. A vehicle shall be driven as nearly as practicable entirely within a single lane."

After a *de novo* review, the court finds that the R&R is well-supported by the evidence and the law. The Government has the burden of "establishing by a preponderance of the evidence that reasonable suspicion supported the officer's stop of Defendant's vehicle." United States v. Burciaga, 687 F.3d 1229, 1230 (10th Cir. 2012). The Government has met that burden.

Deputy Gragg testified that he first noticed Defendant's vehicle when it crossed the fog line. He testified that the vehicle crossed halfway onto the shoulder of the road. At this time, Deputy Gragg testified, the pavement was dry and there were light and variable winds. After waiting for a several cars to pass, Deputy Gragg then began to follow the vehicle. He later observed the vehicle cross the fog line again on a straight stretch of road. He did not immediately pull the vehicle over, but waited until he came upon a safe place to turn on his lights.[2]

Deputy Gragg testified that the point at which he turned on his emergency lights was a little over six miles from where he initially observed Defendant's vehicle. When he traveled that stretch of road later, it took him almost five minutes to cover it. Given Deputy Gragg's testimony, it is more than likely that the second violation would not be captured on video. The court finds that the Government has established by a preponderance of the evidence that Deputy Gragg observed Defendant commit at least two violations.

Moreover, even if Deputy Gragg had only witnessed the first violation, the court finds that would have been sufficient to establish reasonable suspicion. Because of Oklahoma's statute's "'as nearly as practical' language, a vehicle may weave slight without violating the law if there are adverse conditions (high winds, sharp curves, damaged pavement). United States v.

---

[2]When Deputy Gragg turned on his emergency lights, his video began recording. His recording device also captured video going back one minute before the lights were activated.

Vazquez, 555 F.3d 923, 928 (10th Cir. 2009). Absent such adverse conditions. "when police officers observe a vehicle depart from a lane, they have reasonable suspicion to stop the vehicle." Id. "[E]ven a single instance of drifting may violate a statute like the one at issue here." Id. Defendant did not just slightly weave over the line. He crossed halfway onto the shoulder. There was a curve and light and variable winds, but these are not conditions that should have caused a vehicle to swerve halfway onto the shoulder of the road. Even if the winds were stronger, as Defendant argues, that would not push him halfway onto the shoulder.

Accordingly, the Report and Recommendation of the United States Magistrate Judge is hereby AFFIRMED and ADOPTED as this court's Findings and Order. The motion to suppress [Docket No. 37] is DENIED.

It is so ORDERED this 16th day of November, 2012.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma